CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DANIEL VAZQUEZ, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td align="center">Plaintiff,</td><td align="center"><b>COMPLAINT</b></td></tr>
<tr><td align="center">-against-</td><td align="center"><b>COLLECTIVE ACTION UNDER<br>29 U.S.C. § 216(b)</b></td></tr>
<tr><td>JEFLO & CO. LTD.  (D/B/A ROYALE),<br>JOSHUA BERMAN, DAVID WEAKLEY,<br>and JEFFREY PARDO,</td><td align="center"><b>ECF Case</b></td></tr>
<tr><td align="center"><i>Defendants.</i></td><td></td></tr>
</table>

-------------------------------------------------------X

      Plaintiff Daniel Vazquez ("Plaintiff Vazquez" or "Mr. Vazquez"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against JEFLO & CO. LTD. (d/b/a Royale), ("Defendant Corporation"), Joshua Berman, David Weakley, and Jeffrey Pardo, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

      1.    Plaintiff Vazquez is a former employee of Defendants JEFLO & CO. LTD. (d/b/a Royale), Joshua Berman, David Weakley, and Jeffrey Pardo.

      2.    Defendants own(ed), operate(d), or control(led) a restaurant, located at 157 Loisaida Avenue, New York, NY 10009 under the name "Royale".

3.      Upon information and belief, individual Defendants Joshua Berman, David Weakley, and Jeffrey Pardo, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Vazquez was employed as a delivery worker from approximately December 2015 until April 3, 2021 at the restaurant located at 157 Loisaida Avenue, New York, NY 10009.

5.      In addition, from approximately August 2020 until on or about April 3, 2021, Defendants compensated Plaintiff Vazquez on a bi-weekly basis.

6.      Despite being a general worker, Defendants failed to properly pay Plaintiff his wages within seven days after the end of the week in which these wages were earned.

7.      In this regard, Defendants have failed to provide timely wages to Plaintiff Vazquez.

8.      Plaintiff Vazquez was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to food prep, cleaning the kitchen, taking out trash, and buying supplies for the kitchen.

9.      At all times relevant to this Complaint, Plaintiff Vazquez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

10.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Vazquez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

11.     Further, Defendants failed to pay Plaintiff Vazquez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

12.    Defendants employed and accounted for Plaintiff Vazquez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

13.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Vazquez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

14.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Vazquez's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Vazquez at the minimum wage rate and at all relevant times, enabled them to pay him at the tip-credit rate (which they still failed to do).

15.    Defendants' conduct extended beyond Plaintiff Vazquez to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vazquez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.    Plaintiff Vazquez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Vazquez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Vazquez's state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Vazquez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Daniel Vazquez ("Plaintiff Vazquez" or "Mr. Vazquez") is an adult individual residing in Bronx County, New York.

22.     Plaintiff Vazquez was employed by Defendants at Royale from approximately December 2015 until on or about April 3, 2021.

23.     Plaintiff Vazquez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all relevant times, Defendants own, operate, or control a restaurant, located at 157 Loisaida Avenue, New York, NY 10009 under the name "Royale".

25.     Upon information and belief, JEFLO & CO. LTD. (d/b/a Royale) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 157 Loisaida Avenue, New York, NY 10009.

26.     Defendant Joshua Berman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joshua Berman is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joshua Berman possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vazquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant David Weakley is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Weakley is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Weakley possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vazquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Jeffrey Pardo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeffrey Pardo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jeffrey Pardo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vazquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.    Defendants operate(d) a restaurant located in Alphabet City.

30.    Upon information and belief, Individual Defendants, Joshua Berman, David Weakley, and Jeffrey Pardo, possess(ed) operational control over Defendant Corporation, possess(ed) ownership interests in Defendant Corporation, and control(led) significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiff Vazquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vazquez, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Vazquez (and all similarly situated employees) and are Plaintiff Vazquez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Vazquez and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendants Joshua Berman, David Weakley, and Jeffrey Pardo operate(d) Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Vazquez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Vazquez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vazquez's services.

37.     In each year from 2016 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Vazquez is a former employee of Defendants who ostensibly was employed as a delivery worker.  However, he spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiff Vazquez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

41.     From approximately August 2020 until on or about April 3, 2021, over twenty-five percent of Plaintiff's duties were physical tasks, including but not limited to: (1) preparing food; (2) cleaning the kitchen; (3) taking out trash; and (4) performing deliveries.

42.     At all relevant times, despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff Vazquez has been compensated by Defendants on a bi-weekly basis

*Plaintiff Daniel Vazquez*

43.    Plaintiff Vazquez was employed by Defendants from approximately December 2015 until on or about April 3, 2021.

44.    Defendants ostensibly employed Plaintiff Vazquez as delivery worker.

45.    However, Plaintiff Vazquez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

46.    Although Plaintiff Vazquez ostensibly was employed as delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

47.    Plaintiff Vazquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.    Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

49.    Throughout his employment with Defendants, Plaintiff Vazquez regularly worked in excess of 40 hours per week.

50.    From approximately February 2016 until on or about March 2020, Plaintiff Vazquez worked from approximately 4:00 p.m. until on or about 11:00 p.m., 6 days week (typically 42 hours per week).

51.    From approximately March 2020 until on or about April 3, 2021, Plaintiff Vazquez worked from approximately 11:30 a.m. until on or about 11:00 p.m. to 11:30 p.m., 6 days a week (typically 69-72 hours per week).

52.    From approximately February 2016 until on or about March 2020, Defendants paid Plaintiff Vazquez his wages by cash.

53.    From approximately March 2020 until on or about February 2021, Defendants paid Plaintiff Vazquez his wages by personal check.

54.    From approximately February 2021 until on or about April 3, 2021, Defendants paid Plaintiff Vazquez his wages by direct deposit.

55.    From approximately February 2016 until on or about August 2020, Defendants paid Plaintiff Vazquez a fixed salary of $400 per week.

56.    From approximately August 2020 until on or about October 2020, Defendants paid Plaintiff Vazquez a fixed salary of $800, every 2 weeks.

57.    From approximately October 2020 until on or about April 3, 2021, Defendants paid Plaintiff Vazquez a fixed salary of $1200, every 2 weeks.

58.    Plaintiff Vazquez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

59.    For example, Defendants regularly required Plaintiff Vazquez to work an additional 30 minutes past his scheduled departure and did not pay him for the additional time he worked.

60.    Defendants never granted Plaintiff Vazquez any breaks or meal periods of any kind.

61.    Plaintiff Vazquez was never notified by Defendants that his tips were being included as an offset for wages.

62.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Vazquez's wages.

63.    From approximately February 2016 until on or about late 2020, Plaintiff Vazquez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.    However, even though a clock-in system was implemented in approximately late 2020, it sometimes had issues.

65.    Defendants did not provide Plaintiff Vazquez an accurate statement of wages, as required by NYLL 195(3).

66.    In fact, Defendants adjusted Plaintiff Vazquez's paystubs so that they reflected inaccurate wages and hours worked.

67.    Defendants did not give any notice to Plaintiff Vazquez of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.    Defendants required Plaintiff Vazquez to purchase "tools of the trade" with his own funds—including 2 electric bicycles, a delivery bag, and expenses for bicycle maintenance.

*Defendants' General Employment Practices*

69.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vazquez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

70.    Plaintiff Vazquez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

71.    Defendants' pay practices resulted in Plaintiff Vazquez not receiving payment for all his hours worked, and resulted in Plaintiff Vazquez's effective rate of pay falling below the required minimum wage rate.

72.    Defendants habitually required Plaintiff Vazquez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

73.    Defendants required Plaintiff Vazquez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

74.     Plaintiff Vazquez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

75.     Plaintiff Vazquez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

76.     Plaintiff Vazquez and all other tipped workers were paid at a rate that was below the minimum wage by Defendants.

77.     In addition, at all relevant times, Plaintiff Vazquez and all other tipped workers were paid at a rate that was below the tip credit rate by Defendants.

78.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Vazquez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

79.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

80.     In violation of federal and state law as codified above, Defendants classified Plaintiff Vazquez and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

81.     Defendants failed to inform Plaintiff Vazquez who received tips that Defendants intended to take a deduction against Plaintiff Vazquez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

82.     Defendants failed to inform Plaintiff Vazquez who received tips, that his tips were being credited towards the payment of the minimum wage.

83.     At all relevant times, Defendants' time keeping system did not reflect the actual hours that Plaintiff Vazquez worked.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     Defendants paid Plaintiff Vazquez his wages in cash, personal check, and direct deposit.

86.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vazquez (and similarly situated individuals) worked, and to avoid paying Plaintiff Vazquez properly for his full hours worked.

87.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

88.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Vazquez and other similarly situated former workers.

89.     Defendants failed to provide Plaintiff Vazquez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

90.     Defendants failed to provide Plaintiff Vazquez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

91.      Plaintiff Vazquez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

92.     At all relevant times, Plaintiff Vazquez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

93.    The claims of Plaintiff Vazquez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW)

94.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

96.    Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(l)(a).

97.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants: (1) the amount of his untimely paid wages as liquidated damages; (2) reasonable attorneys' fees and costs; and (3) pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

99.    At all times relevant to this action, Defendants were Plaintiff Vazquez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Vazquez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

100.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102.    Defendants failed to pay Plaintiff Vazquez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103.    Defendants' failure to pay Plaintiff Vazquez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104.    Plaintiff Vazquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

105.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Vazquez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiff Vazquez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiff Vazquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

109.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

110.    At all times relevant to this action, Defendants were Plaintiff Vazquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Vazquez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

111.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vazquez less than the minimum wage.

112.    Defendants' failure to pay Plaintiff Vazquez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiff Vazquez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

114.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vazquez overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116.    Defendants' failure to pay Plaintiff Vazquez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiff Vazquez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

118.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

119.    Defendants failed to pay Plaintiff Vazquez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Vazquez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

120.    Defendants' failure to pay Plaintiff Vazquez an additional hour's pay for each day Plaintiff Vazquez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

121.    Plaintiff Vazquez was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

122.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

123.    Defendants failed to provide Plaintiff Vazquez with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124.    Defendants are liable to Plaintiff Vazquez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

125.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

126.    With each payment of wages, Defendants failed to provide Plaintiff Vazquez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

127.    Defendants are liable to Plaintiff Vazquez in the amount of $5,000, together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

128.    Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

129.    Defendants required Plaintiff Vazquez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

130.    Plaintiff Vazquez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vazquez respectfully requests that this Court enter judgment against Defendants by:

(a)    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest pursuant to NYLL §§ 191(l)(a), 198;

(b)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(c)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vazquez and the FLSA Class members;

(d)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vazquez and the FLSA Class members;

(e)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vazquez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Vazquez and the FLSA Class members;

(g)    Awarding Plaintiff Vazquez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)    Awarding Plaintiff Vazquez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vazquez;

(j)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vazquez;

(k)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Vazquez;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Vazquez's compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Vazquez;

(n)      Awarding Plaintiff Vazquez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiff Vazquez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff Vazquez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiff Vazquez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)       Awarding Plaintiff Vazquez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Vazquez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

February 11, 2022

CSM LEGAL, P.C

By:  _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

December 6, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Daniel Vazquez

Legal Representative / Abogado:         CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                           6 de deciembre de 2021

Certified as a minority-owned business in the State of New York